Patric A. Lester (SBN 220092)
PL@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace  (SBN 236621)
sgrace@lawlh.com
Luftman, Heck & Associates, LLP
501 West Broadway, Ste. 800
San Diego, CA 92101
Phone: 619-400-4900
Fax:  619-923-3661

Attorneys for Plaintiff Drew Hill

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HILL, | Case No.: **'12CV0388 L    NLS** |
| Plaintiff, | |
| vs. | COMPLAINT |
| RICHARD J. BOUDREAU & ASSOCIATES, LLC a Massachusetts limited liability company; RICHARD J. BOUDREAU, individually and in his official capacity, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Drew Hill, (hereinafter "Plaintiff") for Richard J. Boudreau & Associates, LLC., a Massachusetts limited liability company; Richard J. Boudreau, individually and in his official capacity  (hereinafter  "Defendants") violations of the Fair Debt Collection practices Act, *15 U.S.C. § 1692, et seq*. (hereinafter "FDCPA")[1] the Rosenthal Fair

---

[1] All undesignated section references to §1692 are to the FDCPA

1  Debt Collection Practices Act, *California Civil Code § 1788 et seq*. (hereinafter "the Rosenthal
2  Act")[2]  which prohibit debt collectors from engaging in abusive, deceptive and unfair practices
3  and the Telephone Consumer Protection Act, *47 U.S.C. §277* et seq, (hereinafter "TCPA")[3]
4  which prohibits the making of unconsented to phone calls to cell phones.

5   2. Plaintiff makes these allegations on information and belief, with the exception of
6  those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on
7  personal knowledge.

8   3. While many violations are described below with specificity, this Complaint
9  alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

11   4. This action arises out of Defendant's violations of the FDCPA , Rosenthal Act
12  and TCPA.

13   5. Jurisdiction arises pursuant to *28 U.S.C. § 1391, 1337, 15 U.S.C. §1692(k)(d), and*
14  *47 U.S.C. §277 et seq.* and *28 U.S.C.§1367* for supplemental state claims.

15   6. Venue is proper in this Court pursuant to *28 U.S.C. § 1391*.

**THE PARTIES**

17   7. Plaintiff is a natural person residing in San Diego County, California.

18   8. Plaintiff is a "consumer" within the meaning of *§ 1692a(3)* in that he is a natural
19  person purportedly obligated to pay a credit card debt, allegedly owed to RBS Card Services,
20  (hereinafter "Debt")

21   9. Plaintiff is a "debtor" as that term is defined by *§1788.2(h)*.

22   10. Plaintiff is a "person" as defined by *47 U.S.C. §153(10)*.

23   11. At all times relevant herein,  Defendant Richard J.  Boudreau & Associates, LLC
24  was a company engaged, by use of the mails and telephone in the business of collecting debts, as
25  defined by *§1692a(5)*, and consumer debts as defined by *§ 1788.2(f)*. Defendant Richard J.

---

[2] All undesignated section references to §1788 are to the Rosenthal Act

[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

Boudreau & Associates, LLC regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§1692a(6)* and *§1788.2(c)*.

12. At all times relevant herein, Defendant Richard J. Boudreau was a natural person and an employee, agent, officer, member and/or director of Richard J. Boudreau & Associates, LLC. Richard J. Boudreau was a third-party debt collector that was engaged, by use of the mails and telephone in the business of collecting debts, as defined by *§1692a(5)*, and consumer debts as defined by *§ 1788.2(f)*. Richard J. Boudreau regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§1692a(6)* and *§1788.2(c)*. Richard J. Boudreau is liable for the acts of Richard J. Boudreau & Associates, LLC because he sets and approves the collection policies, practices and he directed the unlawful activities described herein.

13. As Defendants does business in the state of California, and committed the acts that form the basis for this suit in the state of California, which includes using instrumentalities of interstate commerce by making phone calls across State boundaries to consumers residing in the Southern District of California, and by mailing letters to consumers in the Southern District of California, this Court has personal jurisdiction over Defendants for purposes of this action.

**FACTUAL ALLEGATIONS**

14. At all times herein, Defendant, was attempting to collect, from Plaintiff, a debt as defined by *§1692a (5)* of the FDCPA and a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

15. Prior to May 25, 2011, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

16. Prior to May 25, 2011, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

17. Thereafter, Defendants, sent a collection letter (hereinafter "Exhibit A") to Plaintiff. A true and accurate copy of the letter and attachment is attached hereto and fully incorporated by reference as Plaintiff's "Exhibit A".

18. The statements in Exhibit A were communications within the meaning of

1  *§1692a(2)*.

2  19.   Exhibit A is dated September 2, 2011.

3  20.   Exhibit A was the first written communication from Defendants to Plaintiff in
4  connection with the collection of the alleged debt.

5  21.   Exhibit A informs the reader of the debt being collected in 11 point type.

6  22.   Exhibit A provides the notice required by *Cal. Civil Code §1812.700(a)* in a point
7  type size of approximately 9.

8  23.   Exhibit A provides the notice required by *Cal. Civil Code §1812.700(a)* in a point
9  type size that is smaller than the 12 point type size and smaller than the type size used to inform
10 Plaintiff of the specific debt being collected.

11 24.   Plaintiff is informed and believes and thereon alleges that Defendants have sent
12 standard form collection letters in the form of Exhibit A to numerous persons in California in the
13 one year period preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to
14 amend this Complaint to add class allegations at a later date.

15 25.   Beginning on or about August 26, 2011, and on multiple occasions since that
16 time, Defendant has constantly and continuously placed collection calls to Plaintiff seeking and
17 demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

18 26.   These phone calls were communications within the meaning of *§1692a(2)*.

19 27.   These phone calls were debt collections as defined in *§1788.2(b)*.

20 28.   These phone calls were made to Plaintiff before 8:00 a.m. Pacific Standard Time.

21 29.   By communicating with Plaintiff before 8:00 a.m. Pacific Standard Time, a
22 presumptively and actually inconvenient  time per *§1692c(a)(1)*, Defendant violated
23 *§1692c(a)(1)*.

24 30.   By engaging in this conduct the natural consequence being harassment and
25 oppression of the Plaintiff in connection with the collection of a debt, Defendant violated *§1692d*
26 and *§1788.11(e)*.

27 31.   Because these communications violated the language in *§1692c(a)(1)*, Defendant
28 also violated *§1788.17* of the Rosenthal Act as it incorporates *§1692c(a)(1)*.

32. Defendant placed these calls to Plaintiff's cellular telephones via an "automatic telephone dialing system," as defined by *47 U.S.C. §227(a)(1)*.

33. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by *47 U.S.C. §227(b) (1) (A)*.

34. These telephone calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. §227(b) (1) (A) (i)*.

35. These telephone calls by Defendant violated *47 U.S.C. §227(b) (1)*.

36. The telephone calls by Defendants harmed Plaintiff by numerous ways including but not limited to the following:

    (a) caused Plaintiff to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff previously paid,

    (b) waking him in the early morning repeatedly and continuously caused him stress, anxiety over anticipation of future early morning calls, frustration at being unable to predict or stop the early morning calls, loss of sleep and resulting overall diminished abilities to carry on his activities of daily living.

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

37. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of *§1692 et seq.*

39. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *15 U.S.C. § 1692k(a)(2)(A)*; reasonable attorney's fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)* from defendant.

///

///

5
COMPLAINT

## SECOND CLAIM FOR RELIEF

**(Claim for violations of the Rosenthal Act)**

40. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

41. Plaintiff is entitled to statutory damages of $1000.00 under *§1788.17* of the Rosenthal act for Defendant violations, as enumerated above, of the FDCPA. Because the above stated conduct violated certain portions of the FDCPA as these portions are incorporated by reference in *§1788.17*, each of those acts or omissions also violated *§1788.17*.

42. Plaintiff is entitled to statutory damages of $1000.00 under *§1788.30(b)* for Defendant violations, as enumerated above, of the *§1788.11(e)*.

43. Pursuant to *§1788.32,* the remedies provided under *§§1788.30(c)* and *1788.17* are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

44. Plaintiff is also entitled to attorney's fees and costs for violations of the Rosenthal Act pursuant to *§1788.30(c)*.

## THIRD CLAIM FOR RELIEF

**(California Consumer Collection Notice)**

45. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

46. Plaintiff brings this third claim for relief against Defendants under *Cal. Civil Code §1812.700-702*.

47. Defendants failed to include, in Exhibit A, the notice required by *Cal. Civil Code §1812.700(a)* in a point type size that was at least the same type-size as that used to inform Plaintiff of his specific debt or 12 point type size in violation of *Cal. Civil Code §1812.701(b)*.

48. Defendants acts as described above were done willingly and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of *§ 1788.30(b)*.

49. As a result of Defendants willful and knowing violations of *Cal. Civil Code §1812.700(a),* Plaintiff is entitled to statutory damages of not less than one hundred dollars

($100) and not more than one thousand dollars ($1000.00) under *Cal. Civil Code §1812.702.*[4]

50.     Plaintiff is also entitled to his attorney's fees and costs for violations of *Cal. Civil Code §1812.700(a)* pursuant to *Cal. Civil Code §1812.702.*[5]

51.     Pursuant to *§1788.32,* the remedies provided under *§§1788.30(c)* and *1788.17* are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## FOURTH CLAIM FOR RELIEF

### (Negligent Violations of the TCPA)

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq*.

54.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b) (3) (B)*.

55.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FIFTH CLAIM FOR RELIEF

### (Knowing And/Or Willful Violations of the TCPA)

56.     Plaintiff incorporates by reference all of the above paragraphs before his Fourth Count for Relief as though fully stated herein.

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of *47 U.S.C. §227 et seq*.

---

[4] *§1788.30(b)*

[5] *§1788.30(c)*

1  58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Declare that the Defendant violated *Cal. Civil Code §1812.701(b)*

(5) Declare that the Defendant violated the TCPA;

(6) Award of actual damages in accordance with proof at trial, pursuant to *§1692k(a)(1)* of the FDCPA;

(7) Award of statutory damages of $1,000.00 pursuant to *§ 1692k(a)(2)(A)* of the FDCPA;

(8) Award of statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1000.00) pursuant to *§ 1788.30(b)* of the Rosenthal Act;

(9) Award of statutory damages of $1,000.00 pursuant to *§ 1788.17*[6] of the Rosenthal Act;

(10) Award of statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1000.00) pursuant to *Cal. Civil Code §1812.702*[7].

(11) Award of the costs of litigation and reasonable attorney's fees, pursuant to *§1692k (a) (3)* of the FDCPA and *§§1788.17*[8] and *1788.30(c)* of the

---

[6] *§ 1692k(a)(2)(A) of the FDCPA*

[7] *§1788.30(b) of the Rosenthal Act*

|   |      |                                                                                    |
|---|------|------------------------------------------------------------------------------------|
|   |      | Rosenthal Act;                                                                     |
|   | (12) | Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to *47 U.S.C. §227(b) (3) (B)* |
|   | (13) | Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* |
|   | (14) | Such other and further relief this court may deem just and proper.                 |

### **TRIAL BY JURY**

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                                Lester & Associates

February 13, 2012  
Dated

                                                *s/Patric A. Lester*  
                                                By Patric A. Lester  
                                                Attorney for Plaintiff,  
                                                DREW HILL

---

[8] §1692k(a)(3)